UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                              Case No. 13-CR-20764

BRANDON PAIGE (D-7),                            Paul D. Borman
                                                United States District Judge
      Defendant.
_____/


# ORDER DENYING DEFENDANT BRANDON PAIGE'S MOTION FOR SEVERANCE

Defendant, Brandon Paige, is charged in a fourteen defendant 15 Count Indictment with:

1. <u>Count Five</u>:    Assault with a Dangerous Weapon in Aid of Racketeering (with five co-defendants);

2. <u>Count Six</u>:     Conspiracy to Assault with a Dangerous Weapon in Aid of Racketeering (with five co-defendants);

3. <u>Count Seven</u>:   Use and Carry of a Firearm During, and in Relation to, a Crime of Violence (with five co-defendants);

4. <u>Count Eight</u>:   Conspiracy to Commit Murder in Aid of Racketeering (with nine co-defendants).

The Federal Rules of Criminal Procedure have two provisions that deal with the issues of joinder and severance.

Fed. R. Crim. P. 8 permits the joinder of defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions constituting an offense or offenses. And all defendants need not be charged in each count. In this case, the charges against Defendant Paige place him with many of the co-defendants in both the same series of significant acts or transactions, and in the same series of acts of transactions as most of the co-defendants.

Fed. R. Crim. P. 14 states that, if the joinder of defendants appears to prejudice a defendant, the court may sever the defendants' trials. The Court concludes that continuing defendant as a co-defendant in the first trial will not prejudice Defendant Paige.

Although Defendant Paige is not charged with racketeering, was not recorded or videotaped, "was only a Nomad prospect and not a full-fledged member of the Phantom Motorcycle Club," and that there will be a second trial of other co-defendants, severance is not required from the first trial defendants because of his alleged presence and involvement in many serious criminal activities. Further, the Court, through jury instructions before and after the introduction of evidence at trial, will instruct the jury on what is, and what is not charged against Defendant Paige.

Thus, because the charges against Defendant Paige, while not including RICO, very comprehensively allege serious criminal conduct with the many first-trial co-conspirators, this supports his joinder as a co-defendant in this first trial.

In *United States v. Long*, 190 F.3d 471, 476 (6th Cir. 1999), Judge Ralph Guy, joined by now Chief Judge Guy Cole and Judge Eric Clay, pointed out that "the district court

3

should grant severance to properly joined defendants 'only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence'." (Quoting *Zafiro v. United States*, 506 U.S. 534, 539 (1993)).  This Court concludes that for the reasons stated above, there is no such serious risk in the instant case.

Accordingly, the Court **DENIES** Defendant's Motion for Severance.

**SO ORDERED**.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  October 14, 2014

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 14, 2014.

s/Deborah Tofil
Case Manager